LOTTINGER, Judge,
dissenting.
I respectfully dissent.
The facts in this matter are not in dispute. Terrebonne Parish Consolidated Government put out bid advertisements for the purchase of pumps, engines, and gear drives, in connection with State Project No. 576-55-02(301). The Parish’s bid package contained numerous documents, specifications, and forms. The Parish received the following bids on the project, hereinafter enumerated in the order of low-bidder to high-bidder: (1) M & W Pump Corporation, (2) M & L Industries, Inc., (3) Louisiana Engine Sales, Inc., d/b/a Marine Engine Sales, Inc., (4) Cascade Pump Company, and (5) T.L. James & Company, Inc. Upon advice of the parish administrator, all bids were rejected for lack of compliance with the requirements of the bid documents.
M & L, the second lowest bidder, filed suit requesting that the court issue a writ of mandamus ordering the Parish to award the contract to it on the basis that the Parish did not have just cause to reject its bid. The bid documents stated that bids had to be submitted on the forms provided by the Parish. The Parish rejected M & L’s bid because its bid package contained a bid bond that was not on the form prescribed by the bid documents. Rather than simply completing the enclosed bid form, M & L’s agent, John Deere Insurance Company, utilized its own bid form. Such form did not provide for an expressed declara-, tion that the surety agent was in compliance with La.R.S. 38:2218(B).
M & L later amended its suit to add the other bidders as defendants. M & W Pump Corporation (M & W), the lowest bidder, intervened in M & L’s suit. In its petition of intervention, M & W asked that M & L’s suit be dismissed with prejudice and that the Parish be ordered to show cause why the contract should not be awarded to M & W. The Parish filed a reconventional demand against M & L and a cross claim against the other bidders asking the court to hold that the Parish acted with just cause in rejecting all bids.
Cross motions for summary judgment were filed by the Parish and M & L. The Parish’s motion requested that the court dismiss M & L’s petition and M & W’s petition of intervention. The Parish also requested that the court declare that the Parish had just cause to reject all bids. M & L filed a motion for summary judgment on the main demand.
M & L’s motion for summary judgment was denied by the trial judge. The trial *323 judge granted the Parish’s motion for summary judgment, holding that it acted with just cause in rejecting all bids, and dismissed M & L’s suit with prejudice. M & L appeals from the judgment granting the Parish’s motion for summary judgment. None of the other bidders have appealed the judgment holding that the Parish acted with just cause; therefore, the judgment is now final as to each of them.
The majority very simply holds that requiring a certification on a bid bond that the person who countersigned the bond met all the requirements of La.R.S. 38:2218(B) is a matter of substance rather than a matter of form, and failure to comply therewith was fatal to the bid submitted by M & L Industries, Inc. As apparent proof or evidence that it was substantive, the majority finds “[t]he purpose of the bond, to bail the project out if the contractor gets in trouble, could be circumvented if the agent does not meet the requirements. The parish must be able to tell from the face of the bond that, according to the agent, the requirements are met.”
Putting aside whether a public entity can place additional requirements on bid bonds other than those expressed by the legislature in R.S. 38:2218, the majority falls into error in its analysis of substance vis a vis form. If the person who countersigns the bid bond does not meet the requirements of R.S. 38:2218(B), then all the certificates in the world would not validate an invalid bid bond. The bond is either valid or it is invalid, that is the substance. It is only a matter of form that one certify that it is so. Certifying that it is a rose does not make a railroad daisy a rose.
I would reverse and remand for further proceedings.